**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

―――――――――

**No. 04-4159**

―――――――――

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

THOMAS RADFORD STEVENS,

Defendant - Appellant.

―――――――――

Appeal from the United States District Court for the Eastern
District of North Carolina, at Wilmington.  James C. Fox, Senior
District Judge.  (CR-03-57)

―――――――――

Submitted:  September 30, 2005        Decided:  November 21, 2005

―――――――――

Before GREGORY and SHEDD, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

―――――――――

Affirmed by unpublished per curiam opinion.

―――――――――

Sue Genrich Berry, BOWEN, BERRY AND POWERS, PLLC, Wilmington, North
Carolina, for Appellant.  Frank D. Whitney, United States Attorney,
Anne M. Hayes, Christine Witcover Dean, Assistant United States
Attorneys, Raleigh, North Carolina, for Appellee.

―――――――――

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Thomas Radford Stevens was convicted of bank robbery and aiding and abetting bank robbery, in violation of 18 U.S.C. §§ 2113(a), 2 (2000), and was sentenced to 240 months' imprisonment. He appeals his conviction, claiming that the district court admitted evidence prejudicial to his defense. Further, he appeals his sentence, asserting that his classification as a career offender, pursuant to U.S. Sentencing Guidelines Manual § 4B1.1 (2003), was based on the fact of prior convictions neither admitted by him nor proven to the jury beyond a reasonable doubt, in violation of his Sixth Amendment rights. For the following reasons, we affirm both Stevens' conviction and sentence.

A district court has discretion generally to conduct a trial, including the presentation of evidence, in whatever manner the court deems appropriate; thus, the district court's evidentiary rulings are entitled to substantial deference and will not be reversed absent a clear abuse of discretion. See United States v. Leftenant, 341 F.3d 338, 342 (4th Cir. 2003), cert. denied, 124 S. Ct. 1183 (2004); Sasaki v. Class, 92 F.3d 232, 241 (4th Cir. 1996); United States v. Moore, 27 F.3d 969, 974 (4th Cir. 1994). A district court will not be found to have abused its discretion unless its decision to admit evidence under Fed. R. Evid. 404(b) was arbitrary or irrational. United States v. Haney, 914 F.2d 602, 607 (4th Cir. 1990). We conclude that the admission of evidence

- 2 -

demonstrating that Stevens used crack cocaine and carried a negative balance in his checking account in the time period directly preceding the bank robbery was neither arbitrary nor irrational. Moreover, the prejudicial effect of the evidence did not substantially outweigh its probative value. See Fed. R. Evid. 403.[*]

Because Stevens did not object to the career offender designation at sentencing, we review for plain error. See Fed. R. Crim. P. 52(b). In Almendarez-Torres v. United States, 523 U.S. 224 (1998), the Supreme Court held that the government need not allege in its indictment and need not prove beyond reasonable doubt that a defendant had prior convictions for a district court to use those convictions for purposes of enhancing a sentence. Although the opinion of Apprendi v. New Jersey, 530 U.S. 466 (2000), expressed some uncertainty regarding the future viability of Almendarez-Torres, this court has recently confirmed that Almendarez-Torres was not overruled by Apprendi and remains the law. See United States v. Cheek, 415 F.3d 349 (4th Cir. 2005); see generally Shepard v. United States, 125 S. Ct. 1254 (2005) (discussing documents that a sentencing court may consider in determining whether a prior conviction is considered a violent

_____

[*]Stevens also asserts for the first time on appeal that the district court's limiting instructions were inadequate. Stevens has not established that the instructions were plainly erroneous. See Fed. R. Crim. P. 52(b); United States v. Olano, 507 U.S. 725, 732 (1993).

felony).  We therefore conclude that the district court did not commit plain error in designating Stevens as a career offender, and Stevens' sentence did not violate the Sixth Amendment.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

- 4 -